Matter of Feraru (2025 NY Slip Op 05949)

Matter of Feraru

2025 NY Slip Op 05949

Decided on October 29, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ROBERT J. MILLER, JJ.

2024-09077

[*1]In the Matter of Victor M. Feraru, a suspended attorney, respondent. (Attorney Registration No. 5791348)

APPLICATION pursuant to 22 NYCRR 1240.10 by Victor M. Feraru, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 11, 2020, to resign as an attorney and counselor-at-law. By decision and order on motion of this Court dated June 11, 2025, the respondent was immediately suspended from the practice of law, pursuant to Judiciary Law § 90 and 22 NYCRR 1240.9(a)(2) and (5), based upon a finding that the respondent is guilty of professional misconduct immediately threatening the public interest.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.
Tesser, Ryan & Rochman, LLP, White Plains, NY (Randall Tesser of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The respondent, Victor M. Feraru, has submitted an affidavit sworn to on July 8, 2025, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of a disciplinary proceeding commenced by the Grievance Committee for the Tenth Judicial District pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition and a verified petition, both dated September 12, 2024, alleging 10 charges of professional misconduct stemming from 19 complaints from the respondent's clients. The charges allege that the respondent engaged in a pattern and practice of neglecting legal matters entrusted to him, engaged in a pattern and practice of failing to act with reasonable diligence and promptness in representing clients, engaged in a pattern and practice of failing to provide competent representation to his clients, engaged in a pattern and practice of failing to promptly comply with clients' reasonable requests for information, engaged in a pattern and practice of conduct involving dishonesty, fraud, deceit, or misrepresentation by falsely advising clients that he had completed work on their legal matters, entered into an agreement for nonrefundable retainer fees, engaged in a pattern and practice of failing to promptly pay or deliver to his clients the funds or other properties in his possession that his clients were entitled to receive, engaged in a pattern and practice of failing to provide to clients a written letter of engagement as required by 22 NYCRR 1215.1, engaged in a pattern and practice of conduct involving dishonesty, fraud, deceit, or misrepresentation by filing affirmations that contained inaccurate and false information, and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rules 1.1(a), 1.3(a) and (b), 1.4(a)(4), 1.5(b) and (d)(4), 1.15(c)(4), and 8.4(c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent further acknowledges that he is currently the subject of 16 additional investigations by the Grievance Committee concerning similar misconduct.
The respondent attests that he cannot successfully defend against the charges and allegations based upon the facts and circumstances of his professional misconduct as described herein. The respondent acknowledges that his resignation is freely and voluntarily rendered, without [*2]coercion or duress. He attests he is fully aware of the consequences of his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment, striking his name from the roll of attorneys and counselors-at-law.
The respondent attests that the disciplinary proceeding and the Grievance Committee's investigations do not include charges or allegations that he willfully misappropriated or misapplied money or property. The respondent understands that his resignation is subject to any future application that any Grievance Committee to any Department of the Appellate Division may make for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection.
The respondent acknowledges that pending the issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any New York fiduciary account to which he has access.
Lastly, the respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ORDERED that the application of the respondent, Victor M. Feraru, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Victor M. Feraru, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Victor M. Feraru, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Victor M. Feraru, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Victor M. Feraru, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court